## Joe TULL *v.* BENTON STATE BANK,
### Administrator

74-213                                   516 S.W. 2d 583

Opinion delivered December 16, 1974

*John W. Barley,* for appellant.

*Fred E. Briner,* for appellee.

GEORGE ROSE SMITH, Justice. The issue in this will contest is the validity of a will which obviously was extensively altered — in fact, almost completely rewritten — by the testatrix after its original execution and attestation. The probate judge sustained the validity of the instrument, on the ground that the testatrix intended for it to be her will. The appellant, the testatrix's brother, contested the will and now contends, correctly, that the altered instrument must be rejected, because it was not re-executed and re-attested in its altered form.

The instrument consists of two pages. The first page, on white paper, is very badly typed. It contains seven numbered paragraphs. The last six of those paragraphs make six different bequests or devises and constitute all the dispositive provisions in the will. Paragraph "Seventh" is the residuary clause, leaving the testatrix's real property and certain personal property "to my Sister, Rena Glass."

The second page, on blue paper, is neatly typed. It contains the final paragraph, which reads: "Fifth: I hereby appoint my sister, Rena Glass, executrix of this my last will and testament on this 25th day of July, 1964." After that come the signature of the testatrix, Myrtice Westbrook, the attestation clause, and the signatures of two attesting witnesses.

It is conclusively shown by the testimony, as well as by the will itself, that page one was retyped (presumably by the testatrix) and substituted for the original page one, which apparently was destroyed. In addition to the variances that we have mentioned — the differences in the color of the paper, in the typing, and in the paragraph numbers — page one refers to the testatrix's sister as Rena Glass, although she did not marry Mr. Glass until some 18 months after the date of the will, July 25, 1964. (On page two Rena's surname at the time, Andrews, was obviously erased, and the name "Glass" typed over the erasure.)

The trial judge based his decision upholding the will upon his finding that it was the testatrix herself who retyped and substituted the first page of the will. We have no quarrel with that finding of fact, but it does not serve to validate the altered will. Here the testatrix, in effect, revoked all the dispositive provisions in her original will and substituted those appearing on the rewritten first page of the instrument offered for probate. In those circumstances a re-execution and re-attestation of the will were essential to its validity. *Walpole* v. *Lewis*, 254 Ark. 89, 492 S.W. 2d 410 (1973); *Cook* v. *Jeffett*, 169 Ark. 62, 272 S.W. 873 (1925). Hence the altered instrument cannot be probated as the testatrix's will.

Reversed.